**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JACKIE ADAMS f/k/a JACKIE PATE,          CASE NO.:

      Plaintiff,

vs.

U.S. BANK, NATIONAL ASSOCIATION,          <u>DEMAND FOR JURY TRIAL</u>

      Defendant.

_____/

## <u>COMPLAINT</u>

**COMES NOW**, Plaintiff, JACKIE ADAMS f/k/a JACKIE PATE (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, U.S. BANK, NATIONAL ASSOCIATION, (hereafter "Defendant"), and states as follows:

## <u>PRELIMINARY STATEMENT</u>

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## <u>JURISDICTION AND VENUE</u>

1.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## **FACTUAL ALLEGATIONS**

4.     Plaintiff is an individual residing in Pinellas County, Florida.

5.     Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2).

6.     Defendant is a nationally chartered bank with headquarters located in Cincinnati, OH.

7.     Defendant is a "creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Pinellas County, Florida

8.     Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9.     The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Pinellas County, Florida, by the Defendant's placing of telephone calls to Plaintiff cellular telephone in an attempt to collect a debt.

10.     Defendant, at all material times, was attempting to collect debts relating to U.S. Bank credit cards, Account Nos. ending in – 9412 and – 3703.

11.     The alleged debts that are the subject matter of this complaint are "consumer debts" as defined by the FCCPA, Fla. Stat. §559.55(6).

12.     Plaintiff verbally revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication in September, 2016, when Plaintiff advised Defendant to stop calling her cellular telephone.

13.     Additionally, on October 7, 2016, Plaintiff advised Defendant via facsimile transmission to cease any and all communication to Plaintiff's cellular telephone.

14.     All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

15.     In addition to the request not to be contacted by Defendant, on October 7, 2016, Plaintiff directed Defendant to contact Plaintiff's attorney and included the name of the law firm representing Plaintiff and the contact information for the law firm.

16.     Plaintiff is the regular user and carrier of the cellular telephone number ending in -8759 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

17.     Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

18.     Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

19.     Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone up to five (5) times per day after Defendant revoked any alleged consent for Defendant to contact Plaintiff's cellular telephone.

20.     Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

21.     The following phone numbers, including, but not limited to, 800-236-4188, 877-838-4347, are phone numbers Defendant used to call Plaintiff's cellular telephone.

22.     Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

23.     Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

24.     Some of the representatives who called Plaintiff's cellular telephone sounded like an artificial or pre-recorded voice.

25.     Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff.

26.     The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent.

27.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

28.     None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

29.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

30.     Plaintiff incorporates all allegations in paragraphs 1-29 as if stated fully herein.

4

31.     Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

32.     Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

33.     Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

34.     Additionally, Defendant continued to make telephone calls to Plaintiff's cellular telephone after being notified not to contact Plaintiff and to direct any and all future contact to Plaintiff's attorney.

**WHEREFORE**, Plaintiff, JACKIE ADAMS f/k/a JACKIE PATE, demands judgment against Defendant, U.S. BANK, NATIONAL ASSOCIATION, for the following relief:

a.     any actual damages sustained by Plaintiff as a result of the above allegations;

b.     statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.     pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.     in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.     any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

35.     Plaintiff incorporates all allegations in paragraphs 1-29 as if stated fully herein.

36.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

37.     Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

38.     Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, JACKIE ADAMS f/k/a JACKIE PATE, demands judgment against Defendant, U.S. BANK, NATIONAL ASSOCIATION, for the following relief:

a.      any actual damages sustained by Plaintiff as a result of the above allegations;

b.      statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.      any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

39.     Plaintiff incorporates all allegations in paragraphs 1-29 as if stated fully herein.

40.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

41.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

42.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

43.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, JACKIE ADAMS f/k/a JACKIE PATE, demands judgment against Defendant, U.S. BANK, NATIONAL ASSOCIATION, for the following relief:

a.     statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation;

b.     an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.     any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Date:   ___July 25, 2017___                    **BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**